Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed measure:
 POPULAR NAME PROVIDE FOR THE DECRIMINALIZED POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA TO BE PUNISHABLE AS A MISDEMEANOR AND EXEMPTED FROM CRIMINALIZATION FOR MEDICAL USE
 BALLOT TITLE ACT TO DECRIMINALIZE THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA TO BE PUNISHABLE AS A MISDEMEANOR; TO PROVIDE FOR THE CRIMINAL EXEMPTION OF MARIJUANA FOR MEDICAL USE; TO LIMIT THE STATE REGULATION OF FINES, AND EXEMPTION OF MARIJUANA FOR MEDICAL USE; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS ACT AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed measure.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to certain unresolved ambiguities in the both the title and text of your proposed measure. There are a number of additions or clarifications to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title, however, without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The ambiguities to which I refer occur throughout the proposed measure. They are pervasive and primarily take the form of grammatical, syntax, and usage problems, as well as internal inconsistencies. These problems make it impossible to determine the intended meaning and effect of the proposed measure. I will give examples of some specific areas of concern; however, it must be understood that my discussion of these areas of concern is not exhaustive. Among the problems in the text of your proposed measure are the following:
 (1) The introductory paragraph refers to the proposed measure as an "act to the Constitution of the State of Arkansas." Both the title of the measure and text refer to the measure as an "act." The provisions of your proposed measure also provide for the repeal of all laws and constitutional provisions in conflict with "this act." "Acts," whether adopted by the General Assembly, or through initiated action of the people, are entirely distinct from amendments to the Arkansas Constitution. An "act" cannot repeal a constitutional provision. There is to my knowledge, in this sense, no such thing as a "Constitutional Act." I cannot determine from your submission, therefore, whether you are proposing an initiated "act," or an amendment to the Arkansas Constitution.
 (2) Because of a mismatch between the subject and the predicate in Section 1 of the proposed measure, the language of the measure does not make clear exactly who is to "provide" as described in Section 1. In this regard, it is unclear whether Section 1 is merely a summary of what is to be provided by subsequent sections of the measure, or whether it is independent.
 (3) Section 1 refers to "marijuana by whatever name," whereas Section 2 refers to "marijuana." This discrepancy gives rise to a question as to exactly what substance is the subject of the proposed measure.
 (4) Sections 2(c) and (d) refer to persons who are "found" to have a terminal illness, as well as to persons who have a "medically diagnosed chronic pain." The fact that the reference to persons with terminal illnesses does not mention medical diagnosis gives rise to a question as to whether such persons must be "found" by a physician to have the illness. Moreover, the term" medically diagnosed" is vague, thus giving rise to questions as to who is qualified to make the referenced medical diagnosis.
As previously indicated, the foregoing list is not intended to be exhaustive. The referenced grammatical, syntax, usage, and inconsistency problems occur throughout the proposed amendment. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General